UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:11CV-P1-R
CRIMINAL ACTION NO. 1:08CR-22-R

HERBERT WARDEN                                                    MOVANT/DEFENDANT

V.

UNITED STATES OF AMERICA                                       RESPONDENT/PLAINTIFF

### MEMORANDUM AND ORDER

This matter is before the Court on Movant/Defendant Herbert Warden's "Notice of Appeal to District Judge" and motion for sanctions (DN 115). For the reasons that follow, the motions will be denied.

Section 636(b)(1)(A) of Title 28 of the United States Code, in pertinent part, provides, "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Because Warden seeks the district court's review of a pretrial motion, the Court construes the "Notice of Appeal to District Judge" as a motion for reconsideration by the district judge. "A district court shall apply a 'clearly erroneous or contrary to law' standard of review for the 'nondispositive' preliminary measures of § 636(b)(1)(A)." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). "'A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Crocker v. Runyon*, 207 F.3d 314, 318 (6th Cir. 2000) (quoting *United States v. Russell*, 156 F.3d 687, 690 (6th Cir. 1998) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 365 (1948))) (internal quotation marks omitted).

By Order entered February 4, 2011, the Court directed the United States to file an answer within 21 days to Warden's motion to vacate, set aside, or correct his sentence, gave Warden 14 days from service of the United States's answer to file a reply, and referred the matter to Magistrate Judge E. Robert Goebel (DN 105).  On February 15, 2011, the United States filed its answer (DN 108).  On March 7, 2011, Warden filed a "Motion for Court to Take Judicial Notice of Fraud Upon the Court" asking the Court to sanction Assistant United States Attorney Larry Fentress for fraudulently certifying that he sent a copy of the United States's answer to Warden, when Warden actually received a copy of the United States's response from his wife on February 28, 2011.  He advised that he "was shocked to notice that Mr. Fentr[e]iss has lied to this Court stating that he sent the Petitioner a copy on Feb. 15, 2011" (DN 109).  On March 10, 2011, Warden filed his reply/traverse to the United States's answer to his § 2255 motion (DN 110).

By Order entered May 12, 2011, Magistrate Judge Goebel construed Warden's "Motion for Court to Take Judicial Notice of Fraud Upon the Court" as a motion for sanctions and denied the motion but granted Warden an extension of time until March 10, 2011, to file his reply/traverse, thereby rendering Warden's March 10, 2011, reply/traverse timely, despite Warden not receiving the United States's answer directly from Fentress.

In the pending motion for this Court to reconsider the magistrate judge's Order, Warden states that "the Order purports to grant the Petitioner an extension of time until March 10, 2011.  The mysterious thing is . . . . the Order is dated May 12, 2011, two months and two days after the extension has expired.  The Petitioner received it on May 16, 2011.  What was this Order to accomplish?"  Warden further asserts that Fentress should "be sanctioned for his deliberately fraudulent" action of lying in his certificate of service that he sent a copy of his answer to

Warden, an action which Warden claims "was an effort by [] Fentress to insiduously allow the time to run out and prejudice Petitioner by causing him to miss the deadline to respond." In addition to the imposition of "severe sanctions" upon Fentress, Warden requests to be provided with an "Official Complaint Form to submit to the Department of Justice/Office of Professional Responsibility" to file against Fentress.

Having reviewed the record in conjunction with Warden's arguments and Magistrate Judge Goebel's May 12, 2011, Order, the Court concludes that the Order is not clearly erroneous or contrary to law so as to warrant it to be set aside. Warden had already filed his reply/traverse on March 10, 2011, and in extending the time in which to file a reply to March 10, 2011, Magistrate Judge Goebel was merely finding Warden's previously filed reply/traverse timely. There was no error.

Accordingly, **IT IS ORDERED** that the motion for reconsideration by the district court (DN 115) is **DENIED**.

Upon consideration of the record and Warden's unverified allegations, the Court finds that he has failed to demonstrate that Fentress committed any fraud upon the Court or engaged in any bad faith. **IT IS THEREFORE ORDERED** that the motion for sanctions (DN 115) is **DENIED**. Further, this Court does not have an "Official Complaint Form to submit to the Department of Justice/Office of Professional Responsibility."

Date:

cc: Movant/Defendant, *pro se*
　　　Counsel of record
4413.005